UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANISH NONE (A-226-063-115),

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No.  1:26-cv-0216 DC CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Manish None (A-226-063-115), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates the Immigration and Nationality Act ("INA"), his due process rights under the Fifth Amendment, the Administrative Procedure Act, the equal protection guarantee of the Fifth Amendment, and the Suspension Clause.  (Id. at 11-20 (claims one through five).)  For the following reasons, this Court recommends that the petition be granted.

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

1

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    FACTUAL BACKGROUND[1]

Petitioner is a citizen and national of India who entered the United States on or around May 25, 2024. (ECF No. 1 at 4.) After his entry, petitioner was encountered by U.S. Border Patrol, released under an order of release on recognizance under Section 236 of the INA (8 U.S.C. § 1226), and placed into removal proceedings. (Id. at 4-5, ECF No. 1-3.) On December 5, 2025, at his ICE check-in, petitioner was re-detained without prior notice or hearing. (ECF No. 1 at 5.) While petitioner was on release, he attended all court hearings in his removal proceedings, and has no criminal record. (Id.)

## III.    DISCUSSION

On January 12, 2026, through counsel, petitioner filed his habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On January 12, 2026, the district court ordered respondents to substantively address whether any provision of law or fact in this case would distinguish it from the district court's prior decisions. (ECF No. 4 (citing Selis Tinoco v. Noem, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); D.L.C. v. Wofford, 1:25-cv-1996 DC JDP (E.D. Cal. Jan. 5, 2026) (ECF No. 12)).) On January 15, 2026, respondents filed an opposition to the motion for a temporary restraining order, and an opposition to a preliminary injunction. (ECF No. 7.) In the opposition, respondents argued that petitioner's detention is lawful under the Constitution and applicable provisions of the INA, and acknowledged that they had no legal

---

[1] Respondents did not dispute any of these facts presented in the petition.

2

arguments to distinguish this case from previous orders issued by the district court.  (Id. at 1.)  On January 15, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render this case distinct from the two cases cited in the January 12, 2026 order, granted petitioner's motion for a temporary restraining order, and issued a preliminary injunction on the same terms.  (ECF No. 8 (citing Selis Tinoco, 2025 WL 3567862, D.L.C., 1:25-cv-1996 DC JDP).)  In addition to granting petitioner's immediate release, the district court ordered that respondents shall not impose any additional restriction on petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and if the government seeks to re-detain petitioner, the government must provide no less than 7 days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.  (ECF No. 8.)  The district court referred this action to the assigned magistrate judge for further proceedings.  (Id.)

On February 12, 2026, in response to this Court's scheduling order, respondents filed a motion to dismiss and answer to the petition for writ of habeas corpus, and petitioner filed a reply. (ECF Nos. 12, 13.)  Briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner's re-detention was pursuant to INA's discretionary detention statute, 8 U.S.C. § 1226, not the mandatory detention statute, 8 U.S.C. § 1225, and respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claims one and two).  See Selis Tinoco, 2025 WL 3567862, D.L.C., 1:25-cv-1996 DC JDP).  Because the resolution of the first and second claims provide the relief requested, the Court need not reach petitioner's third, fourth and fifth claims.

Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) (ECF No. 12 at 2) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with

3

some of the highest caseloads in the country.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Manish None (A-226-063-115) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

///

///

///

4

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 25, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/none0215.157.2241.imm